# United States Court of Appeals for the Federal Circuit

---

**ALLIED MINERAL PRODUCTS, INC., AN OHIO CORPORATION,**
*Plaintiff-Appellant*

**v.**

**OSMI, INC., STELLAR MATERIALS, INC., STELLAR MATERIALS, LLC,**
*Defendants-Appellees*

---

2016-2641

---

Appeal from the United States District Court for the Southern District of Florida in No. 9:15-cv-81753-KAM, Judge Kenneth A. Marra.

---

Decided: September 13, 2017

---

JAMES DAVID LILES, Porter, Wright, Morris & Arthur LLP, Cincinnati, OH, argued for plaintiff-appellant.

JOHN DAVID LUKEN, Dinsmore & Shohl LLP, Cincinnati, OH, argued for defendants-appellees. Also represented by MARK SCHNEIDER, Troy, MI.

---

Before MOORE, REYNA, and STOLL, *Circuit Judges.*

MOORE, *Circuit Judge*.

The present appeal arises from the dismissal of a declaratory judgment action in the Southern District of Florida. Allied Mineral Products, Inc. ("Allied") sued three related entities, OSMI, Inc., Stellar Materials, Inc., and Stellar Materials, LLC (collectively "Stellar"), seeking a declaratory judgment that it did not infringe Stellar's U.S. Patent No. 7,503,974 (the "'974 patent"), the patent is invalid, and Stellar committed inequitable conduct. The district court dismissed the complaint for lack of subject matter jurisdiction. Because the district court correctly determined that Stellar's actions do not create a justiciable case or controversy, we affirm.

## BACKGROUND

This dispute centers on a Mexican infringement suit between Stellar and two of Allied's Mexican distributors.[1] Stellar and Allied are American companies; Ferro Alloys de Mexico S.A. de C.V. ("Ferro") and Pyrotek Mexico S. de R.L. de C.V. ("Pyrotek") are Allied's Mexican distributors. On June 24, 2015, Stellar sent notice letters to Ferro and Pyrotek accusing them of infringing Stellar's Mexican Patent No. 279757 (the "Mexican Patent"). Allied manufactures the products accused of infringement in the United States, which are then sold in Mexico by Ferro and Pyrotek. Allied sells the same product in the United States under a different name.

Allied's U.S. counsel responded to Stellar's notice letters on behalf of Ferro and Pyrotek. Allied identified itself as the manufacturer of the accused products and argued that the products do not infringe the Mexican Patent. Stellar never responded to Allied's letter. Instead, Stellar filed infringement actions against Ferro and

---

[1] All facts come from Allied's complaint and are presumed true for the purposes of the motion to dismiss.

Pyrotek in Mexico, accusing Ferro and Pyrotek of infringing at least claim 16 of the Mexican Patent. Claim 16 of the Mexican Patent is a Spanish translation of claim 16 of the '974 patent.

Allied filed a declaratory judgment action against Stellar in the Southern District of Florida, seeking a declaratory judgment of: (1) non-infringement of the '974 patent; (2) invalidity; (3) unenforceability due to inequitable conduct; and (4) tortious interference with business relationships under Florida state law. Stellar moved to dismiss for lack of subject matter jurisdiction, and the district court granted the motion. The district court held that "Stellar's decision to enforce its Mexican patent under Mexican law against separate entities cannot, without further affirmative action by Stellar, create an actual controversy with Allied with regard to its U.S. Patent." J.A. 15. The district court found that the complaint was "devoid of any allegations that Stellar has done anything to give Allied a reasonable belief that Stellar intends to enforce its '974 Patent in the United States." *Id.* Allied appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

The Declaratory Judgment Act requires "a case of actual controversy." 28 U.S.C. § 2201(a). There is no bright-line rule for whether a dispute satisfies this requirement, *Prasco LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008), although the Supreme Court has articulated a number of relevant factors:

> Our decisions have required that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of

facts . . . . Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quotations and alterations omitted). We review jurisdictional issues de novo. *Prasco*, 537 F.3d at 1335.

The totality of the circumstances in this case does not rise to the level of a case of actual controversy. Declaratory judgment jurisdiction requires some affirmative act by the patentee. *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). Stellar has not directed any actions towards Allied, nor has it litigated or threatened litigation in the United States or on its '974 patent. All of Stellar's conduct has been directed towards Allied's customers Ferro and Pyrotek, unrelated Mexican entities, and that contact was limited to Stellar's Mexican Patent and potentially infringing acts in Mexico. Stellar sent notice letters to the customers alone, and although Allied responded on behalf of its customers, Stellar never responded to Allied's letter. Stellar then sued only the customers, not the manufacturer. Stellar also limited its actions to Mexico. Stellar filed suit in Mexico, suing for infringement of a Mexican patent under Mexican laws. It has not threatened or alleged infringement of the '974 patent in the United States, much less filed suit. Stellar took no actions directed at Allied, no actions with regard to its '974 patent, and no actions under U.S. patent laws.

The actions in this case are even less sufficient than those in *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377 (Fed. Cir. 2013), which we held did not give rise to declaratory judgment jurisdiction. In that case, several of the patentee's employees left the company to start their own firm. The new company (the declaratory judgment plaintiff) wished to sell a competing product

but worried about potential infringement liability. One of the plaintiff's employees called a former colleague at the patentee's company to raise his concerns, and the patentee's employee responded that the company would "act aggressively . . . . You know that." *Id.* at 1380. In a subsequent call, the patentee stated it would sue "100% no doubt about it" on "any product that scratches the surface of our patents." *Id.* at 1381. We held that these communications did not produce a controversy of such immediacy and reality to give the district court jurisdiction to hear the case. *Id.*

The *Innovative Therapies* plaintiff also sought to rely on the patentee's litigation history to establish jurisdiction. The patentee had a history of litigation to enforce its patents, and it previously asserted the patents at issue in the declaratory judgment action against unrelated third parties. We explained that while the patentee's litigation history was a circumstance to consider when evaluating jurisdiction, the fact that it had sued other parties without further evidence of acts directed toward the plaintiff was insufficient to confer jurisdiction. *Id.* at 1382.

Unlike *Innovative Therapies*, there have been no veiled threats of litigation or even any direct communication from Stellar to Allied. There are no allegations that Stellar has a history of litigating its patents in the United States. In light of this precedent, the district court correctly held that it lacked jurisdiction to hear the case.

Allied seeks to analogize its case to *Arkema Inc. v. Honeywell International, Inc.*, 706 F.3d 1351 (Fed. Cir. 2013), citing our reliance on a foreign litigation as creating a case or controversy regarding a related U.S. patent. The declaratory judgment in *Arkema*, however, differed significantly from this case. It is correct that the court considered the fact that the patentee had filed suit in Germany, alleging infringement of a German patent covering a refrigerant used in automobile air conditioning systems. In *Arkema*, however, there was also a compan-

ion U.S. litigation over two of the patentee's U.S. patents covering the same refrigerant. While the suit was in discovery, the patentee obtained two additional U.S. patents covering the same refrigerant, both of which claimed priority to the patents-in-suit in the U.S. infringement suit. The plaintiff moved to amend its complaint to include a declaration that the new patents were also invalid, but the district court denied the motion. We reversed. We explained that the combination of the German litigation and the U.S. litigation over a related patent "creates a sufficient affirmative act on the part of the patentee for declaratory judgment purposes." *Id.* at 1358.

In *Arkema*, it was not the foreign lawsuit alone that provided jurisdiction; it was the foreign lawsuit coupled with the U.S. lawsuit over a related patent. *Id.* Moreover, in *Arkema*, both the foreign lawsuit and the U.S. lawsuit on related patents were directed at the *same* alleged infringer. Here, Stellar has not sued Allied at all, not in the foreign suit and not for infringing any U.S. patents related to the '974 patent. *Arkema* is not controlling.

This case is also distinguishable from cases where we have held that a patentee's suit against a customer gave the manufacturer standing to seek declaratory relief against the patentee. In *Arris Group v. British Telecommunications PLC*, 639 F.3d 1368 (Fed. Cir. 2011), we noted that a manufacturer has standing to bring a declaratory action if: (1) the manufacturer is obligated to indemnify its customers in the event of an infringement suit; or (2) there is a controversy between the patentee and the manufacturer as to the manufacturer's liability for induced or contributory infringement based on acts of direct infringement by the customers. *Id.* at 1375. The *Arris* patentee accused a customer of infringing claims of four U.S. patents in which a manufacturer's product functioned as a material component. We held that the

allegations of direct infringement of U.S. patents against the manufacturer's customers were an implicit allegation of indirect infringement against the manufacturer. *Id.* at 1381. This gave the district court jurisdiction over the manufacturer's declaratory judgment action. *Id.*

The dispute between Allied and Stellar does not satisfy either factor articulated in *Arris*. Allied does not allege in the complaint that it is obligated to indemnify Ferro and Pyrotek against allegations of infringement of the Mexican Patent. Nor have there been any infringement allegations against either company in *the United States* or any infringement allegations involving any U.S. patent.[2] There is no *Arris*-level controversy between Allied and Stellar; Stellar has not implicitly accused Allied of infringing the '974 patent in the United States based on its customers' direct infringement of the Mexican Patent in Mexico.

Allied argues it has been forced into an unwinnable business position; it can either continue to sell products in the United States knowing it may be the target of an infringement suit, or it can cease selling products it believes it has a right to sell. But we have held that the fear of a future infringement suit is insufficient to confer jurisdiction. *Prasco*, 537 F.3d at 1338. In *Prasco*, we rejected a declaratory judgment plaintiff's argument that it suffered actual harm when it merely feared a future infringement suit. *Id.* at 1339. And in *Arris*, we noted the fear of future lost business because of infringement threats against a customer was, by itself, insufficient to create standing for the manufacturer. *Arris*, 639 F.3d at 1374–75. Allied's fear alone does not give the district

---

[2] We do not address whether an agreement to indemnify for foreign infringement of a foreign patent gives rise to declaratory judgment jurisdiction over a counterpart U.S. patent.

court jurisdiction. *See Prasco*, 537 F.3d at 1341–42 ("Although we understand [the declaratory judgment plaintiff's] desire to have a definitive answer on whether its products infringe defendants' patents, were the district court to reach the merits of this case, it would merely be providing an advisory opinion. This is impermissible under Article III."); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) (holding that a plaintiff's subjective fear of future injury did not confer jurisdiction over his claims).

Considering the totality of the circumstances, we agree with the district court that there is not a substantial controversy of sufficient immediacy and reality to confer declaratory judgment jurisdiction. Stellar sent notice letters to Ferro and Pyrotek in Mexico, and it sued Ferro and Pyrotek in Mexico. Stellar did not even respond to Allied's letter about the Mexican Patent on behalf of Ferro and Pyrotek. Nor has Stellar taken any action in the United States or any action on the '974 patent. Allied has failed to establish a case or controversy regarding Stellar's U.S. patent in the United States under Article III.

CONCLUSION

The judgment of the district court dismissing the case for lack of jurisdiction is affirmed.

**AFFIRMED**

COSTS

Costs to Stellar.